IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TREMAYNE JOYNER, ) | CASE: 14cv6332 |
| PLAINTIFF, ) | JUDGE: |
| v. ) | MAG. JUDGE: |
| J.P. MORGAN CHASE & CO., ) | |
| DEFENDANT. ) | |

**COMPLAINT FOR MONETARY DAMAGES**

**NATURE OF COMPLAINT**

Plaintiff alleges two 42 U.S.C. § 12112 violations pertaining to discrimination in the workplace and termination of employment. Plaintiff was employed by Defendant J.P. Morgan Chase & Co. ("Chase"). Plaintiff has Diverticulitis which constitutes a disability under the American's with Disabilities Act of 1990 (ADA) and ADA Amendments Act, 2008 (P.L. 110-325). Defendant Chase was aware of Plaintiff's disability. Chase did not offer reasonable work accommodations and Plaintiff was ultimately terminated by Chase due to his disability.

**JURISDICTION & VENUE**

(1)   Jurisdiction of this court arises under 28 U.S.C. §§ 1331, and 1337; P.L. 110-325 (42 U.S.C. § 12112(a) & (b)(5)(A)) ; and 42 U.S.C. § 2000e.

(2)   Venue is had through 28 U.S.C. §1391, the events or omissions giving rise to the claims having occurred in this district.

## PARTIES

(3)     Plaintiff Tremayne Joyner is a legal adult and a resident of Cook County, Illinois.  He was employed by Defendant Chase at one of its Chicago locations (namely, 10 S. Dearborn Street).  Plaintiff was harmed by Defendant in Cook County, Illinois.

(4)     Defendant Chase is a corporation with what may be a principal place of business at 270 Park Ave, New York, NY 10017.  Chase operates banks throughout the United States, including Chicago.  Defendant Chase has significant contacts by way of operation of banks within the state of Illinois, in particular in the Northern District of Illinois.  Defendant Chase employed Plaintiff at a Chicago bank and harmed Plaintiff Joyner in Cook County, Illinois.

## FACTS

(5)     Plaintiff is a male affected by a disability protected under the American's with Disabilities Act.  Plaintiff has Diverticulitis.

(6)     Plaintiff was employed by Defendant Chase as a personal banker at Chase's 10 S. Dearborn, Chicago, IL 60603 location within 300 days of his filing of an EEOC Form 5.

(7)     Chase was aware that Plaintiff had a disability, namely, Diverticulitis.

(8)     During the course of his employment and up to his termination, Plaintiff was performing his work duties satisfactorily.

(9) Plaintiff was qualified to perform the essential functions of his job as a personal banker at Chase.

(10) The position of a personal banker at Chase can be performed by a person afflicted with Diverticulitis.

(11) During his employment with Chase, Plaintiff requested reasonable work accommodations due to his disability (Diverticulitis).

(12) Such reasonable work accommodations could have been provided by Chase without hardship.

(13) Defendant Chase refused to provide reasonable work accommodations for Plaintiff's disability.

(14) Plaintiff reasonably believes that Defendant Chase terminated him due to his disability.

(15) Plaintiff did complain to the EEOC.

(16) The EEOC received a timely charge filed by Plaintiff in which he alleged that he had been discriminated and terminated by Defendant Chase due to his disability.

(17) The above captioned matter is filed with 90 days of receipt of a RTSL.

**COUNT I: VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12112(a) & (b)(5)(A) (DISCRIMINATION BASED ON FAILURE TO ACCOMODATE)**

(18) Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section

entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(19) Plaintiff qualifies as having an ADA recognized disability (namely, Diverticulitis).

(20) Defendant Chase was aware of Plaintiff's disability

(21) Defendant Chase treated Plaintiff less favorably than similarly situated employees, because of Plaintiff's disability.

(22) Plaintiff was qualified and able to perform the essential duties of his job for Defendant Chase.

(23) Defendant Chase refused to offer reasonable accommodations for Plaintiff's disability.

(24) Such reasonable accommodations could have been provided without undue hardship to Chase.

(25) Defendant Chase's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

(26) Plaintiff suffered harm to include pain and suffering; loss of employment opportunities; loss of income; humiliation; and legal related costs.

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $50,000 and further demands judgment against said Defendant for punitive damages in the amount of $50,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## **COUNT II: VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12112(a)**
## **(DISCRIMINATION BASED ON TERMINATION FROM EMPLOYMENT)**

(27)  Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(28)  Plaintiff qualifies as having ADA recognized disability (namely, Diverticulitis).

(29)  Defendant Chase was aware of Plaintiff's disability

(30)  An adverse employment action was taken against Plaintiff (namely, termination) because he suffered from an ADA recognized disability.

(31)  Plaintiff reasonably believes Defendant Chase made the decision to terminate him due to his disability.

(32)  Defendant Chase's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

(33)  Plaintiff suffered harm to include pain and suffering; loss of employment opportunities; loss of income; humiliation; and legal related costs.

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $50,000 and further demands judgment against said Defendant for punitive damages in the amount of $50,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Plaintiff hereby makes a jury demand.

s\CHRISTOPHER COOPER, PhD, ESQ., Lead Attorney for Plaintiff
s\MICHELLE RONAY, ESQ., One of Plaintiff's Attorneys
LAW OFFICE OF CHRISTOPHER COOPER, INC.
79 W. Monroe, Suite 1213, Chicago, IL 60603 [or]
3620 West 80th Lane Merrillville, IN 46410
Tel: 312 473 2968; FAX: 866 334 7458 E-Mail: cooperlaw3234@gmail.com


Pursuant to 28 U.S.C. 1746, I TREMAYNE JOYNER, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents thereof, and the same are true and correct to the best of my knowledge.
August 17, 2014.  s\Tremayne Joyner